UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUENTER ALBRECHT II,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AND
CHRISTINA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB,

    Defendants.
_____/

Case No. 14-13834

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [3]**

Plaintiff's suit arises out of the foreclosure and March 11, 2014 sheriff's sale of residential property located at 9001 Gladys, White Lake, Michigan, 48386 (the "Property") to Christina Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee for the bank. ("Trustee" or "Defendant"). Plaintiff alleges, *inter alia*, that the Trustee (1) failed to follow the requirements set forth under Michigan's foreclosure by advertisement statute, Mich. Comp. Laws. § 600.3201 *et seq*, and (2) made fraudulent misrepresentations with respect to the availability of a loan modification. Plaintiff seeks relief in the form of a judgment setting aside the sheriff's sale.

Currently before the Court is the Trustee's motion to dismiss Plaintiff's complaint. (Dkt. # 3). For the reasons stated below, the Court GRANTS the Trustee's motion.

**I.     FACTS**

On or about October 20, 2006, Plaintiff entered into a mortgage loan transaction with non-party Assured Capital Funding, Inc. (the "Lender"). As security for the loan, Plaintiff executed a promissory note in the amount of $154,000 in favor of the Lender, which was subsequently transferred to BAC Home Loan Servicing, LP. ("BAC") (Def.'s Mot. Ex. B). The note was secured by a mortgage on the Property in favor of the Lender and its successors and assigns. *(Id* at Ex. A). Several years later, Bank of America, N.A., as successor to BAC, assigned all of its "right, title and interest . . . ." in the mortgage to the Trustee. (*Id.* at Ex. B). The assignment to the Trustee was the final transaction establishing the record chain of title.

At some point, Plaintiff defaulted on his obligations under the note. According to the Complaint, Plaintiff attempted to avoid foreclosure by requesting loss mitigation alternatives, and the Trustee "under fraudulent pretenses, allowed Plaintiff to submit documentation to support his request for several loan modifications." (Plf.'s Resp. 5). For reasons unknown to the Court, it appears as though Plaintiff's request for a loan modification was denied, and the Trustee opted to move forward with the foreclosure process. Between February 7 and February 28, 2014, the Trustee published notice of the foreclosure sale in the Oakland County Legal News. On March 11, 2014, the Property was sold at a foreclosure sale to the Trustee for $211,408.88. The statutory redemption period expired on September 11, 2014, at which point legal title vested in the Trustee.

On October 3, 2014, the Trustee removed this case from the Oakland County Circuit Court to this Court on the basis of diversity jurisdiction. In his complaint, Plaintiff maintains that the Trustee (1) fraudulently allowed Plaintiff to submit several loan modifications, (2)

failed to follow the procedures set forth under Michigan's foreclosure-by-advertisement statute, and (3) breached the implied covenant of good faith and fair dealing by disingenuously negotiating loss mitigation alternatives. On November 6, 2014, the Trustee filed a motion to dismiss Plaintiff's complaint. Plaintiff submitted his untimely response on December 15.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must

always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

## III. ANALYSIS

The Trustee argues that each of Plaintiff's three claims have been emphatically rejected by the Sixth Circuit or controlling Michigan precedent. The crux of the Trustee's legal position is relatively simple: Plaintiff failed to redeem the Property before the expiration of the redemption period and has not and cannot make a showing of fraud or irregularity sufficient to set aside the foreclosure sale. Furthermore, with respect to Plaintiff's fraudulent misrepresentation claim, the Trustee maintains that even if it was properly pled, it is barred by the statute of frauds. The Court agrees.

### A. Plaintiff Failed to Exercise His Redemption Rights

Under Michigan law, mortgagors have six months to redeem their property following a sheriff's sale. Mich. Comp. Laws. § 600.3240. It is well established that "once the redemption period following foreclosure of a property has expired, . . . the former owner's rights in and title to the property are extinguished. At that point, the former owner loses [the

ability] to assert claims with respect to the property." *Luster v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (citing cases). Once the statutory redemption period expires, "'[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement . . . in the absence of a clear showing of fraud, or irregularity.'" *Luster v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). The fraud or irregularity must relate to the foreclosure proceeding itself. *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, *2 (Mich. Ct. App. Dec. 28, 2001).

Here, Plaintiff appears to be asserting two theories of fraud or irregularity. First, he maintains that the Trustee failed "to properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Compl. ¶ 23). Even assuming, *arguendo,* that Plaintiff has stated a cognizable claim, he fails to assert even the most basic facts suggesting a right to relief; namely, (1) the outstanding balance reported on the notice of foreclosure, and/or (2) the balance according to Plaintiff's records. Moreover, there is no indication how, if at all, this purported discrepancy has impaired Plaintiff's ability to challenge the underlying foreclosure. A defect in notice "is only actionable upon a showing of actual prejudice" to the mortgagor. *Fawcett v. Wells*, No. 13-cv-10591, 2013 WL 6181719, at *3 (E.D. Mich. Nov. 26, 2013) (citing *Lessl v. CitiMortgage, Inc.*, 515 Fed. App'x 467, 469 (6th Cir. 2013). "[N]o prejudice from inadequate notice can be found . . . when the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property."*Id.* (citing *Lessl,*

515 App'x at 469.). Accordingly, Plaintiff is not entitled to relief under this theory.

Second, Plaintiff contends that the Court should set aside the sheriff's sale because the Trustee "intended to induce the Plaintiffs from defending the [f]oreclosure in reliance on [false] [r]epresentations made by defendants." (Compl. ¶ 31). This theory suffers from the same procedural malady as Plaintiff's third claim; namely, a failure to adequately plead the circumstances constituting the fraudulent misrepresentation. When asserting a claim sounding in fraud, Rule 9 of the Federal Rules requires a party to state with particularity the circumstances surrounding the fraud. Fed.R.Civ.P. 9(b). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir.2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993) (internal quotations and citations omitted).

Plaintiff's fraudulent misrepresentation claim, consisting of a mere five conclusory sentences, falls miserably short of the rigorous pleading standard mandated under Rule 9. Indeed, Plaintiff fails to identify the content of the allegedly fraudulent statements made by the Trustee with any level of specificity, alleging only that the "[r]epresentations made by Defendants to the Plaintiff were false statements of facts." (Compl. ¶ 29). Moreover, even assuming, *arguendo*, that Plaintiff had properly alleged an actual fraud in the foreclosure proceedings, he once again fails to demonstrate how–if at all–he suffered

prejudice in the process. See Lessl, 515 Fed. App'x at 469. This, in addition to Plaintiff's inability to satisfy the pleading standard mandated under Rule 9, is fatal to his wrongful foreclosure and fraudulent misrepresentation claims. Accordingly, the Court must and does dismiss Counts I and III.

### B. Plaintiff's Breach of Contract Claim is Likewise Meritless

Finally, in Count II of the complaint, Plaintiff advances a claim for breach of an implied duty of good faith and faith dealing based upon the Trustee's denial of his request for "loss mitigation assistance as an alternative to foreclosure." (Compl. ¶ 27(b)). This claim likewise fails for a number of reasons. First, the mortgage and note, (the only binding contracts that Plaintiff alleges exist between the Parties) do not contain a provision requiring the Trustee to engage in any level of "loss mitigation assistance." To the extent that Plaintiff is seeking to enforce an oral promise made by the Trustee–which appears to be the case here–the statute of frauds bars his claim. Under Michigan's statute of frauds, "a financial institution's promise regarding financial accommodation, like a loan modification, is not enforceable unless it is (1) in writing, and (2) signed by an authorized agent of the financial institution." Heikkinen v. Bank of Am., N.A., 11-12532, 2012 WL 628608, at * 6-7 (E.D. Mich. Feb. 27, 2012) (citing Mich. Comp. Laws. § 566.132(2)(c)(3)). This statute "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise." Crown Tech Park v. D & N Bank, FSB, 619 N.W.2d 66,72 (Mich. Ct. App. 2000). Because Plaintiff presents no evidence of a writing signed by the Trustee promising to modify the terms of the note, any claims based on this alleged promise must be and are dismissed.

Finally, as a general matter, no independent cause of action for breach of an implied

covenant of good faith and fair dealing is recognized under Michigan law. *Belle Isle Grill Corp. v. City of Detroit,* 666 N.W.2d 271, 279 (Mich. Ct. App. 2003). While Plaintiff is correct in his assertion that a duty might exist where "a party to the contract makes the manner of its performance a matter of its own discretion", he once again fails to identify any provision affirmatively requiring the Trustee to entertain a modification request. *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *6 (E.D. Mich. Feb. 16, 2012). In the absence of such a provision, there is no "manner of performance" to evaluate, and thus no claim concerning the breach of good faith and fair dealing. *See Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-14065, 2012 WL 2223154, at *7 (E.D. Mich. June 15, 2012) (Dismissing the plaintiff's breach of contract claim where "defendants' discretion to modify the plaintiffs' loan d[id] not arise from the parties' agreement, . . . . ").

Accordingly, Count II is dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Trustees' motion to dismiss the complaint. (Dkt. # 3). This order closes the case in its entirety.

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: February 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager